JOURNAL ENTRY and OPINION
Defendant Daniel Oberacker pleaded guilty to two counts of rape, each count against a different teenaged victim. Just before sentencing, and without any prior notice to defendant, the court classified defendant a sexual predator. The primary issue in this appeal is whether the court gave defendant sufficient notice of the sexual predator classification hearing.
The state concedes the court did not give defendant adequate notice of the sexual predator classification hearing. In State v. Gowdy (2000),88 Ohio St.3d 387, the Ohio Supreme Court established that the notice provision of R.C. 2950.09(B)(1) is mandatory and a failure to provide notice is per se error. Hence, despite the overwhelming evidence justifying the court's decision to classify defendant as a sexual predator and defendant's failure to object to lack of notice at the sexual predator classification hearing, we are bound under Gowdy to sustain the second assignment of error and remand the cause for further proceedings.
Despite the state's concession, defendant claimed at oral argument that his claim of ineffective assistance of counsel went beyond counsel's failure to object to the lack of notice and encompassed a failure to protect defendant's due process rights in a way that cast doubt on the validity of the guilty plea. We see nothing in either appellant's merit brief or reply brief that makes this argument, and there is nothing in the proceedings that would cause us to doubt the validity of defendant's guilty plea. Certainly, counsel's failure to prepare for the sexual predator hearing could be explained by his admitted failure to receive notice of the hearing.
Reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ MICHAEL J. CORRIGAN, P.J.:
BLACKMON, J., and DYKE, J., CONCUR.